UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NIPPON PAPER INDUSTRIES USA CO., LTD,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>GEORGIA PACIFIC, LLC, et al.,<br><br>　　　　　　　　Defendants. | CASE NO. 3:22-cv-05743-LK<br><br>ORDER TO FILE AN AMENDED CORPORATE DISCLOSURE STATEMENT |

This matter comes before the Court sua sponte. Defendant Georgia Pacific, LLC's corporate disclosure statement, Dkt. No. 13, does not provide all of the information required under Local Civil Rule 7.1 and necessary for the Court to determine if it has jurisdiction over this matter.[1]

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists[.]" *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). This determination is an "inflexible" threshold requirement that must be made "without exception, for jurisdiction is power

---

[1] The allegations in the complaint do not fill in the gaps. Plaintiff Nippon Paper Industries USA Co., Ltd. alleged jurisdiction pursuant to 28 U.S.C. § 1332, but with respect to Georgia Pacific, LLC, it asserts only that "[u]pon information and belief, no member of Georgia-Pacific, LLC is a Washington State citizen." Dkt. No. 1 at 3–4.

ORDER TO FILE AN AMENDED CORPORATE DISCLOSURE STATEMENT - 1

to declare the law and without jurisdiction the court cannot proceed at all in any cause." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) (cleaned up); *see also* Fed. R. Civ. P. 12(h)(3) (the district court "must dismiss" an action if it "determines at any time that it lacks subject-matter jurisdiction").

Federal jurisdiction exists over all civil actions where the matter in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a)(1). For diversity jurisdiction to apply, however, there must be complete diversity among the parties, and, as a general rule, if one or more plaintiffs are citizens of the same state as one or more defendants, federal diversity jurisdiction is absent. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 & n.3 (1996).

Georgia Pacific, LLC is a limited liability corporation, which means it "is a citizen of every state of which its owners/members are citizens" for diversity purposes. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Georgia Pacific, LLC identifies Georgia-Pacific Holdings, LLC as its "sole member," Dkt. No. 13 at 1, but it does not identify the members of Georgia Pacific Holdings, LLC. This is insufficient. Local Rule 7.1 requires a party to identify any member of the LLC and for any such member, "list those states in which the . . . members are citizens." *See* LCR 7.1(a)(1), (b); *see also* Fed. R. Civ. P. 7.1 & Advisory Committee notes to 2002 and 2022 amendments (requiring parties in a diversity action to "name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party," and noting that such information is crucial not only to "facilitate an early and accurate determination of jurisdiction," but also to "support properly informed disqualification decisions in situations that call for automatic disqualification under Canon 3C(1)(c).").

Georgia Pacific, LLC is accordingly ORDERED to file an amended corporate disclosure statement no later than February 9, 2023, complying with Local Civil Rule 7.1 and naming—and

identifying the citizenship of—every member of Georgia-Pacific Holdings, LLC. Failure to do so may result in sanctions.

Dated this 26th day of January, 2023.

*Lauren King*
Lauren King
United States District Judge